**UNITED STATES of America,**
Appellee,

v.

**Aaron B. PIKE, Gregory Pattison, Defendants–Appellants,**

**Daniel Diaz, also known as Mexx, also known as Daniel Avitia, Diane G. Retamoza, Marina Retamoza, Jason Pike, Richard E. Pearson Jr., also known as Ricker, Christopheer A. Lobe, Benjamin J. Osman, Matthew J. Harrison, Richard C. Alicea Sr., Jose A. Melendez, also known as Jose Torres, Rafael Montanez Jr., also known as Juny, Jerad M. Davis, John H. Pacheco Jr., Oswaldo Rodriguez, Defendants.**

Nos. 07–0338–cr (L), 07–0720–cr (CON).

United States Court of Appeals,
Second Circuit.

Sept. 5, 2008.

Bruce R. Bryan, Syracuse, NY, for Appellant Aaron Pike.

Peter J. Pullano, Rochester, NY, for Appellant Gregory Pattison.

Thomas S. Duszkiewicz, Assistant United States Attorney (Stephan J. Baczynski, Assistant United States Attorney, on brief), for Terrance P. Flynn, United States Attorney for the Western District

of New York, Buffalo, NY, for Appellee, United States of America.

Present: ROSEMARY S. POOLER, PETER W. HALL, Circuit Judges, DAVID G. TRAGER,* District Judge.

## SUMMARY ORDER

Defendants–Appellants Aaron Pike and Gregory Pattison appeal from a judgments of conviction entered on January 25, 2007, and February 22, 2007, respectively, in the Western District of New York (Arcara, J.), following a jury trial. Both were found guilty of conspiring to possess with intent to distribute drugs in violation of 21 U.S.C. § 846. Pike was also found guilty of engaging in a continuing criminal enterprise in violation of 21 U.S.C. § 848. We assume the parties' familiarity with the underlying facts and procedural history of the case. On appeal they raise eight challenges to their convictions, none of which require reversal.

Both defendants have challenged the sufficiency of the evidence to support their convictions.

▮ Pike argues that the evidence was insufficient to support his continuing criminal enterprise conviction. There was testimony at trial that Pike exercised some form of managerial control over at least seven individuals in connection with trafficking drugs. It is clear that the evidence, when viewed in the light most favorable to the verdict, was sufficient to establish that Pike engaged in a continuing series of drug trafficking violations "in concert with five or more other persons with respect to whom [the defendant occupied] a position of organizer, a supervisory position, or any other position of manage-

ment," as is required under 21 U.S.C. § 848(c)(2)(A).

▮ Pattison argues that the evidence was insufficient to support his conviction for conspiring to possess with intent to distribute drugs. There was ample evidence introduced at trial establishing Pike as the head of a vast marijuana distribution network. Moreover, there was evidence that, at Pike's behest, Pattison killed an individual who owed money to Pike in connection with the drug conspiracy. This evidence is sufficient to support the jury's verdict that Pattison was a member of the conspiracy headed by Pike.

Next, the defendants raise several arguments in connection with their participation in two uncharged murders. According to the government, Pike paid Pattison—in the form of five pounds of marijuana and forgiveness of a $1900 drug debt—to kill Richie Alicea, one of Pike's associates in the drug trade. An individual named Johnny Houston who was present with Alicea at the time was also killed. Prior to their federal trial, both defendants were convicted in state court of committing these murders. Although they were not federally charged, the murders were relevant because they were committed in furtherance of the charged drug conspiracy. To establish Pattison's and Pike's involvement in the murders, the government offered evidence of a statement Pattison made to an informant named Mickey Darling while the two were incarcerated together. The statement consisted of Pattison's telling Darling that he killed Alicea and Houston at the behest of Pike. Darling relayed this information to the government and subsequently testified at Pattison's and Pike's trial. Over Pike's objection, Pattison's statements to Darling were admit-

---

* The Honorable David G. Trager, Senior District Judge of the United States District Court for the Eastern District of New York, sitting by designation.

ted into evidence even though Pattison did not testify and was not subject to cross-examination.

■ Both defendants argue that Federal Rule of Evidence 403 should have barred evidence of these murders because the risk of unfair prejudice significantly outweighed the probative value. At trial, Pike defended himself on the grounds that he was merely a small-time dealer, and not the leader of a vast drug conspiracy; and Pattison's defense was that he was merely a customer or a minor player in Pike's organization. Evidence that Pike ordered Pattison to kill a fellow drug dealer who owed money to Pike undermines both defendants' positions, and was thus highly relevant and probative. The district court did not abuse its discretion by holding that the probative value of the murders was not substantially outweighed by the danger of unfair prejudice.

■ The defendants also claim that the admission of Pattison's statement violated their rights under the Confrontation Clause. The district court was correct that Pattison's statement was not testimonial because Pattison, while incarcerated, made the statement to a fellow inmate and would have had no reason to believe it would be used in a judicial proceeding. See United States v. Saget, 377 F.3d 223, 229 (2d Cir.2004) ("[A] declarant's statements to a confidential informant, whose true status is unknown to the declarant, do not constitute testimony within the meaning of Crawford.") Thus, because the statement was not testimonial, its admission does not violate either Crawford v. Washington, 541 U.S. 36, 124 S.Ct. 1354, 158 L.Ed.2d 177 (2004), or Bruton v. United States, 391 U.S. 123, 88 S.Ct. 1620, 20 L.Ed.2d 476 (1968). See United States v. Williams, 506 F.3d 151, 156 (2d Cir.2007) (holding that the district court did not err by admitting one defendant's self-inculpa-

tory, out-of-court, nontestimonial statement that also implicated a co-defendant because "the Confrontation Clause simply has no application to nontestimonial statements") (internal citation omitted). Moreover, even though Pattison's statement constitutes hearsay when admitted against Pike, the district court did not abuse its discretion by admitting it under Federal Rule of Evidence 804(b)(3)'s hearsay exception for statements against penal interest. Indeed, Pattison clearly implicated himself in the murders by his admission, and while his statement that he was following an order from Pike might be seen as Pattison minimizing his role in the murders to the detriment of Pike, it also implicated Pattison himself in the drug conspiracy because Alicea was murdered because he owed money to Pike in connection with a drug deal. Pattison also argues that his statement was obtained in violation of his right to counsel because the jailhouse informant to whom he confessed, according to Pattison, should have been considered a government agent. The district court correctly held that the informant was not a government agent, and therefore, there is no violation of Pattison's right to counsel. See United States v. Birbal, 113 F.3d 342, 346 (2d Cir.1997).

■ Pattison also argues that the district court improperly admitted a statement made by murder victim Richard Alicea to his girlfriend on the night of his murder, in which Alicea said that he was going to see Pattison. Pattison claims that this statement should have been excluded either by the Confrontation Clause or the rule against hearsay. This statement is clearly not testimonial by any interpretation of Crawford—see Saget, 377 F.3d at 228 (noting that a broad interpretation of testimonial would include "any statement made by a declarant who anticipates that the statement will be used in the prosecu-

tion or investigation of a crime" (internal citation and quotation omitted))—and thus, its admission did not violate the Confrontation Clause. *See Williams,* 506 F.3d at 156. Moreover, this statement fits squarely within Federal Rule of Evidence 803(3)'s hearsay exception for statements of the declarant's intent. Thus, the district court did not abuse its discretion by admitting Alicea's statement.

■ Additionally, Pike and Pattison argue that the district court improperly relied in sentencing on evidence that they had murdered Alicea and Houston because the murders were not included in the charged offense. The murders, although uncharged, were committed in furtherance of the conspiracy, and the district court was correct to consider them as relevant in light of the sentencing factors provided by 18 U.S.C. § 3553(a).

■ Next, Pike argues that in sentencing the district court improperly refused to resolve a dispute over whether Pike's adjusted offense level should be enhanced by two levels, from 47 to 49, based on Pike's attempt to obstruct justice by sending a threatening letter to another defendant. Regardless of whether this enhancement was applied, however, Pike's guideline range would have been life imprisonment. Thus, the enhancement was irrelevant to the sentence imposed, and the district court was not obligated to resolve the dispute. *See United States v. Bermingham,* 855 F.2d 925, 934 (2d Cir.1988).

■ Finally, Pike argues that the second superceding indictment was fatally defective because it failed to explicitly plead a connection between the crimes charged and interstate commerce. Because a nexus to interstate commerce is not an element of the offenses with which Pike was charged, and because the indictment plainly tracked the language of the statute and

stated the time and place of the offense, it was sufficient.

Accordingly, the order of the district court is AFFIRMED.